UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. _____

KENNETH E. MELONEY and )
CARMELLA D. MELONEY, )
    Plaintiffs )
)
Vs. ) **COMPLAINT AND**
) **JURY DEMAND**
ALL SYSTEMS MECHANICAL, INC., )
and NATIONAL GRANGE MUTUAL )
INSURANCE COMPANY, )
    Defendants )

05-11801RWZ

MAGISTRATE JUDGE _____

## PARTIES

(1) The plaintiff, KENNETH E. MELONEY ("Meloney") is a natural person, resides at 7 Rhode Island Drive, Oakdale, Connecticut, is a citizen of Connecticut and, at all material times, was the husband of plaintiff Carmella D. Meloney.

(2) The plaintiff, CARMELLA D. MELONEY ("Carmella") is a natural person, resides at 7 Rhode Island Drive, Oakland, Connecticut, is a citizen of Connecticut and, at all material times, was the wife of plaintiff Kenneth E. Meloney.

(3) The defendant, ALL SYSTEMS MECHANICAL, INC. ("All Systems"), is a corporation duly organized and existing under Massachusetts law with a principal place of business at 245 County Street, Attleboro, Massachusetts.

(4) The defendant, NATIONAL GRANGE MUTUAL INSURANCE COMPANY ("NGM"), is a corporation duly organized and existing under New Hampshire law with a principal place of business at 55 West Street, Keene, New Hampshire and at all material times was qualified to and did engage in the trade or commerce of issuing automobile liability insurance policies in Massachusetts.

## JURISDICTION

(5) Subject matter jurisdiction is conferred upon this court under 28 U.S.C. §1332 as all plaintiffs are citizens of Connecticut and the defendant corporations have their principal places of business in states other than Connecticut and the amount in controversy in Meloney's claim against All Systems is greater than $75,000, exclusive of interest and costs; and also, under 28 U.S.C. §1367, as the Court has original jurisdiction over Meloney's action against defendant All Systems under §1332 and the plaintiffs' other claims against All Systems and NGM are so related to Meloney's claim against All Systems that they form part of the same case or controversy.

## COUNT I

(Negligence against All Systems Mechanical, Inc.)

(6) Plaintiff Meloney re-alleges paragraphs 1, 2 and 5 as if here written out in full.

(7) On or about September 3, 2002, Meloney was a passenger in a motor vehicle traveling north on Interstate 95, a public way, in Attleboro, Massachusetts.

(8) At the same time and place, defendant All Systems' agent, servant or employee, Frank R. Martin, was acting within the scope of his employment by All Systems and was operating a motor vehicle, registered in Massachusetts to All Systems, traveling north on Interstate 95 in Attleboro, Massachusetts.

(9) Upon information and belief, at the time All Systems' employee was operating the vehicle registered to All Systems at the time and place alleged, the All Systems vehicle was overloaded with materials and equipment, such that there existed an unreasonable risk that the All Systems vehicle would be difficult to control in a foreseeable driving situation.

(10) At the time and place alleged, while the heavy traffic then existing was traveling at or in excess of the posted speed of 65 miles per hour, the vehicles traveling north bound began to apply their brakes.

(11) As a result of the braking traffic, All Systems' employee began to brake and, as a result, lost control of the All Systems vehicle causing it to collide with the vehicle in which Meloney was a passenger.

(12) The All Systems' employee who was operating the All Systems vehicle was negligent in that he (a) negligently

failed to keep his vehicle under control, (b) negligently failed to keep a proper distance from vehicles around his, (c) negligently failed to keep a proper lookout for traffic conditions and other vehicles traveling along with him.

(13) Upon information and belief, All Systems was negligent in that it permitted its vehicle to be operated in an overloaded condition with knowledge or reason to know that the overload would adversely affect the ability of its vehicle to brake during reasonably anticipated driving conditions.

(14) As a direct and proximate result of All Systems' negligence and the negligence of its employee as heretofore alleged, Meloney suffered personal injuries, including a closed head injury and injury to his back and neck; he was fully disabled from working for a substantial period and thereafter partially disabled and had his ability to earn income impaired in the past and in the future; he incurred medical, hospital and chiropractic expenses and will continue to incur such expenses in the future; he suffered a permanent, partial disability to his lumbar spine; and he suffered, and will suffer in the future, physical and mental pain.

WHEREFORE, Meloney demands judgment against defendant All Systems for his full damages in an amount no less than $75,000, plus interest and costs.

## COUNT II

(Loss of Consortium Against All Systems)

(15) Plaintiff Carmella D. Meloney re-alleges paragraphs 1-3, 5 and 7-14 as it here written out in full.

(16) As a direct and proximate result of the negligence of All Systems and its employee as heretofore alleged, Carmella was deprived of her husband's society, companionship and consortium.

WHEREFORE, Carmella D. Meloney demands judgment against defendant All Systems in the amount of $25,000 plus interest and costs.

## COUNT III

(Violation of c. 93A & c. 176D against NGM)

(17) Plaintiffs re-allege paragraphs 1-5, 7-14 and 16 as if here written out in full.

(18) Defendant NGM issued an automobile liability policy to defendant All Systems providing insurance coverage for the plaintiffs' claims against defendant All Systems.

(19) Defendant NGM undertook efforts to process and settle plaintiffs' claims against its insured, All Systems.

(20) The plaintiffs are not persons who may bring a claim pursuant to Massachusetts General Laws, c. 93A, §11 and are persons who have been injured by NGM's use and employment of acts or practices declared unlawful by c. 93A, §2 and whose rights have been affected by NGM's violation of the provisions of c. 176D, §3(9).

(21) NGM violated c. 93A, §2 and c. 176D, §3(9) by, among other acts or practices, unfairly calculating Meloney's lost wages in a manner that grossly undervalued the wages that Meloney actually lost as a result of his injuries; and by insisting that plaintiffs seek recovery on an uninsured motorist claim when NGM knew or should have known that potential recovery on this basis was remote due to a weak theory of liability and a lack of facts supporting recovery on an uninsured motorist claim.

(22) NGM also committed additional violations of c. 93A, §2 and c. 176D, §3(9) as more fully alleged in a c. 93A Demand Letter, dated August 3, 2005, which is incorporated by reference and attached to this Complaint as Exhibit A.

(23) At least thirty (30) days prior to the service of the summons and Complaint in this action, plaintiffs sent defendant NGM a written demand for relief that identified the plaintiffs as complainants, stated it was sent pursuant to G.L. c. 93A, specified the acts or practices that violated c. 93A, §2 and c. 176D, §3(9) and demanded relief in a sum certain. A true and complete copy of the Demand Letter is attached to this Complaint as Exhibit A.

(24) Defendant NGM's violations of c. 93A, §2 and c. 176D, §3(9), as specified, were knowing and willful when made.

(25) As a direct and proximate result, plaintiffs were injured and had their rights affected in that defendant failed to affect a prompt, fair and equitable settlement of plaintiffs' claims when liability was reasonably clear and forced plaintiffs to institute this action to recover the just amounts due to them.

WHEREFORE, plaintiffs demand judgment against defendant NGM for the full amount of their damages and demand

(a) that their damages be trebled on account of defendant NGM's willful and knowing violations of c. 93A, §2 and c. 176D, §3(9);

(b) that they be awarded reasonable attorneys fees plus costs and interest; and

(c) that they be granted such other, further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY FOR ALL CLAIMS AND ISSUES TRIABLE THERETO**

Plaintiffs, by their attorney,

_____
Miles Siegel
BBO# 461720
Ten Winthrop Square
Boston, MA  02110
(617) 350-0100

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KENNETH E. MELONEY
CARMELLA D. MELONEY

## DEFENDANTS
ALL SYSTEMS MECHANICAL, INC.
NATIONAL GRANGE MUTUAL INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   BRISTOL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  617 350 0100
MILES SIEGEL
10 WINTHROP SQUARE, BOSTON MA 02110

Attorneys (If Known)
05-11801 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☒ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | **PERSONAL INJURY** — ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits |  | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 440 Other Civil Rights | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | **PRISONER PETITIONS** — ☐ 510 Motions to Vacate Sentence; **Habeas Corpus:** ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure |  | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability |  |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property |  |  |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §§ 1332 and 1367
Brief description of cause:
Motor vehicle / personal injury AND MGL c.93A & 176D

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE  N/A
DOCKET NUMBER

DATE  Sept 1, 2005
SIGNATURE OF ATTORNEY OF RECORD  Miles Siegel

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **MELONEY v. ALL SYSTEMS MECHANICAL, INC.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, **350**, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

    **05 - 11801 RWZ**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    **N/A**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☒
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions) **N/A**
    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **MILES SIEGEL**
ADDRESS **10 WINTHROP SQUARE, BOSTON, MA 02110**
TELEPHONE NO. **617-350-0100**

(CategoryForm.wpd - 5/2/05)